UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| J.M., a minor by and through her Guardian ad Litem, Nancy Morin-Teal, and NANCY MORIN-TEAL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PLEASANT RIDGE UNION SCHOOL DISTRICT, ALLIANCE REDWOODS OUTDOOR RECREATION, COUNTY OF NEVADA, and DOES 1 to 50,<br><br>Defendants. | CIV. NO.: 2:16-00897 WBS CKD<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u> |

----oo0oo----

Plaintiffs Nancy Morin-Teal and J.M. filed this action against defendants Pleasant Ridge School District ("Pleasant Ridge"), Alliance Redwoods Conference Grounds ("Alliance Redwoods"), and the County of Nevada ("County") for a violation of the Rehabilitation Act and related state law claims arising out of J.M.'s involvement as a student at Magnolia Intermediate

1

School ("Magnolia"). The matter is now before the court on Pleasant Ridge's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

I.   Factual and Procedural Background

J.M. is a disabled minor who attends Magnolia, a subordinate public entity of Pleasant Ridge. (Compl. ¶¶ 8, 13 (Docket No. 2).) Plaintiffs allege defendants had prior knowledge of all of J.M.'s disabilities before the events at issue. (Id.)

Plaintiffs allege Pleasant Ridge required J.M. to participate in a camp at Alliance Redwoods for school. (Id. ¶¶ 16-17.) Prior to the trip, J.M.'s mother, Morin-Teal, worked with defendants to create a written care plan for J.M. during the trip. (Id. ¶ 18.) Morin-Teal allegedly went to J.M.'s class prior to the trip to demonstrate to the teacher how to operate J.M.'s medical breathing machine. (Id.) Further, plaintiffs allege J.M.'s physician gave written orders that J.M. could not be exposed to direct sunlight. (Id.)

During the trip to Alliance Redwoods, defendants allegedly forced J.M. to stay in direct sunlight for 9.5 hours, despite J.M.'s protests. (Id. ¶¶ 21-22.) Plaintiffs allege defendants gave J.M. Tylenol, told her to lie down, and did not provide a nurse. (Id. ¶ 23.) J.M. allegedly suffered second degree burns, heat exhaustion, heat stroke, permanent damage to her internal organs, emotional distress, and post-traumatic stress syndrome. (Id. ¶ 26.)

During normal class hours, J.M.'s accommodation plan

also allegedly permitted J.M. to leave class when her eyes needed rest and allowed J.M. to eat lunch in the office so she did not have to eat in the sun. (Id. ¶ 29.) In practice, plaintiffs allege J.M.'s teacher did not allow her to take breaks and the staff usually told J.M. to leave the office at lunch. (Id.)

Plaintiffs initiated this action, alleging the following causes of action: (1) discrimination under Section 504 of the Rehabilitation Act of 1973 ("Section 504"); (2) negligent supervision of J.M.; (3) violation of J.M.'s right to attend a safe school under Article 1, Section 28 of the California Constitution; and (4) intentional infliction of emotional distress. Pleasant Ridge moves to dismiss plaintiffs' second, third, and fourth causes of action.[1]

II. Discussion

On a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

---

[1] Pleasant Ridge originally argued for dismissal of the first cause of action under Rule 12(b)(1) and 12(b)(6) motions. Pleasant Ridge conceded its Rule 12(b)(1) motion in its Reply to the motion to dismiss and withdrew its Rule 12(b)(6) motion at oral argument.

3

possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Under this standard, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

    A.   Negligent Supervision

In their second cause of action, plaintiffs allege defendants failed to properly supervise J.M. while under defendants' care. Under the California Tort Claims Act, "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815. In California, "all government tort liability must be based on statute." Hoff v. Vacaville Unified Sch. Dist., 19 Cal. 4th 925, 932 (1998). Pleasant Ridge is a public entity; therefore, plaintiffs must allege it violated a statute in order to hold Pleasant Ridge liable for any allegedly tortious conduct.

Plaintiffs' Complaint alleges Pleasant Ridge is liable for negligent supervision in violation of California Government

4

Code section 815.2. (Compl. at 10.) Under section 815.2, "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee . . . ." § 815.2. Since Pleasant Ridge is a public entity and section 815.2 establishes the requisite statutory liability, plaintiffs sufficiently allege a statutory basis for their negligent supervision claim against Pleasant Ridge. See Dailey v. L.A. Unified Sch. Dist., 2 Cal. 3d 741, 747-50 (1970) (holding a school liable for negligent supervision under section 815.2).

"[I]n order to prevail in a negligence action, plaintiffs must show that defendants owed them a legal duty, that defendants breached that duty, and that the breach proximately caused their injuries." Wiener v. Southcoast Childcare Ctrs., Inc., 32 Cal. 4th 1138, 1145 (2004). The relationship between school personnel to "students gives rise to a duty of care." Hoff, 19 Cal. 4th at 933. "California law has long imposed on school authorities a duty to supervise at all times the conduct of the children on the school grounds and to enforce those rules and regulations necessary to their protection." Id. at 934 (quoting Peterson v. S.F. Cmty. Coll. Dist., 36 Cal. 3d 799, 807 fn.3 (1984)).

Here, plaintiffs allege Magnolia, as a subordinate entity of Pleasant Ridge, has a duty to exercise reasonable care supervising J.M. and Pleasant Ridge owes a special duty of care

5

to prevent injury to its students.  (Compl. ¶¶ 8, 35, 50.)
Plaintiffs further allege defendants breached this duty when they
forced J.M. to stay in direct sunlight and "refused to allow
[J.M.] to contact her mother." (Id. ¶¶ 21-22.)  While defendants
permitted other students to call their parents, plaintiffs allege
defendants did not allow J.M. to call her mother and defendants
instead gave J.M. Tylenol, told J.M. to lie down, and never
provided J.M. with access to a nurse or adequate medical care as
promised to Morin-Teal. (Id. ¶ 22-24.)  Outside of the school
trip, plaintiffs further allege "Defendants encouraged peers to
physically confront J.M. even though they were aware that such
physical confrontation was exceptionally dangerous to J.M. due to
her disabilities." (Id. ¶ 34.)  Together, plaintiffs
sufficiently allege there was a breach of a duty of care.

    Finally, plaintiffs allege the breach of Pleasant
Ridge's duty of care caused J.M.'s damages.  "As a result of her
exposure to direct sunlight[,] J.M. suffered . . . severe 2nd
degree burns on her skin, heat exhaustion, heat stroke, permanent
damage to her internal organs including kidney and liver failure,
emotional distress and post-traumatic stress syndrome." (Id. ¶
26.)  Plaintiffs further support the harm and causation by
alleging "J.M. [was] in extreme distress and crying hysterically
with no medical aid." (Id. ¶ 25.)  Taking all reasonable
inferences in favor of plaintiffs, it is reasonable to infer
Pleasant Ridge was aware of J.M.'s harm when she was crying
hysterically on the trip.

    Plaintiffs allege with sufficient particularity that

6

Pleasant Ridge owed a duty of care to J.M. and breached this duty of care. Accordingly, the court will deny Pleasant Ridge's motion to dismiss the negligent supervision claim.

B. <u>Right to Attend a Safe School</u>

In their third cause of action, plaintiffs allege defendants "failed to provide a safe, secure, and peaceful location for school activities," in violation of J.M.'s right to attend a safe, secure, and peaceful school. (Compl. ¶ 56.) In support of this contention, they refer to the California Constitution, which provides, "All students and staff of public primary, elementary, junior high, and senior high schools . . . have the inalienable right to attend campuses which are safe, secure and peaceful." Cal. Const. art. I, § 28(f)(1).

Courts have held that this provision does not establish any obligation on the state. <u>See</u> <u>Doe ex rel. Gonzales v. Butte Valley Unified Sch. Dist.</u>, Civ. No. 2:09-00245 WBS CMK, 2009 WL 2424608, at *6 (E.D. Cal. Aug. 6, 2009). Plaintiffs conceded this provision does not create a cause of action. Accordingly, the court must dismiss this claim without leave to amend.

C. <u>Intentional Infliction of Emotional Distress</u>

In their fourth cause of action, plaintiffs allege defendants intentionally inflicted emotional distress upon J.M. and Morin-Teal. As previously stated, a public entity is not liable for injuries arising from the acts or omissions of the public entity or its employees, unless liability is based on a statute. <u>See</u> <u>Myers v. City of Madera</u>, Civ. No. 1:10-01398 AWI JLT, 2011 WL 773417, at *2 (E.D. Cal. Feb. 28, 2011).

7

Plaintiffs, in their fourth cause of action, "re-allege all allegations previously alleged," which includes defendants' violation of section 815.2.  (Compl. ¶ 58.)  Since section 815.2 establishes the requisite statutory liability for a public entity, plaintiffs sufficiently allege a statutory basis for their intentional infliction of emotional distress claim against Pleasant Ridge.

The elements of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Christensen v. Superior Court, 54 Cal. 3d 868, 904 (1991) (citations omitted).  Conduct is outrageous if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993).  Intentional infliction of emotional distress requires the outrageous act was "directed at the plaintiff, or occur in the presence of the plaintiff of whom the defendant is aware." Christensen, 54 Cal. 3d at 903.

Plaintiffs allege defendants intentionally caused emotional distress to J.M. when defendants were aware of J.M.'s health problems and accommodation plan, yet forced her "to stay in direct sunlight on the beach for 9.5 hours."  (Compl. ¶¶ 18-19, 21.)  Defendants allegedly prevented J.M. from contacting her

8

mother during the trip.  (Id. ¶ 22.)  These actions, as alleged, could be found by the trier of fact to be extreme and outrageous. Plaintiffs have also sufficiently alleged defendants acted with reckless disregard for the probability of causing emotional distress because defendants engaged in these actions despite J.M.'s pleas to contact her mother, pleas to be removed from the sunlight, and "extreme distress and [hysterical] crying."  (Id. ¶¶ 21-22, 25.)  Plaintiffs further allege the "exposure to direct sunlight" and defendants' conduct caused J.M. to suffer emotional distress, paranoia, anxiety, depression, and post-traumatic stress syndrome.  (Compl. ¶¶ 25, 60.)  Based on plaintiffs' allegations, the trier of fact could reasonably draw inferences that defendants intentionally caused J.M. emotional distress.

        Plaintiffs also argue Morin-Teal can recover under intentional infliction of emotional distress because she "was present when J.M. suffered the effects of the outrageous conduct . . . ."  (Pls.' Opp'n at 13 (emphasis added).)  Plaintiffs support this argument with the allegation that Morin-Teal was forced to see her daughter "suffer and witnessed her being denied adequate medical care for the injuries she sustained by the conduct of the Defendants."  (Compl. ¶ 25.)  This is the sole allegation by plaintiffs about the conduct Morin-Teal witnessed. This allegation is followed immediately by an allegation that Morin-Teal heard about J.M.'s medical needs when another student's mother contacted Morin-Teal, indicating Morin-Teal never witnessed the allegedly outrageous conduct.  (See id.)

        It is not enough that Morin-Teal witnessed *the effects*

9

of the allegedly outrageous conduct.  California law requires the outrageous *conduct* occurred in Morin-Teal's presence while Pleasant Ridge was aware of her presence.  See Christensen, 54 Cal. 3d at 903.  Plaintiffs do not allege with sufficient particularity that Morin-Teal witnessed an outrageous act by Pleasant Ridge.  Accordingly, the court must grant Pleasant Ridge's motion to dismiss Morin-Teal's emotional distress claims.

   IT IS THEREFORE ORDERED that Pleasant Ridge's motion to dismiss plaintiffs' third and Morin-Teal's fourth cause of action as to Pleasant Ridge be, and the same hereby is, GRANTED.

   IT IS FURTHER ORDERED that Pleasant Ridge's motion to dismiss plaintiffs' second and J.M.'s fourth cause of action as to Pleasant Ridge be, and the same hereby is, DENIED.

   Plaintiffs have twenty days from the date this Order is signed to file a First Amended Complaint, if it can do so consistent with this Order.

Dated:   October 11, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE