UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| J.M., a minor by and through her Guardian ad Litem, Nancy Morin-Teal, and NANCY MORIN-TEAL, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>PLEASANT RIDGE UNION SCHOOL DISTRICT, ALLIANCE REDWOODS OUTDOOR RECREATION, COUNTY OF NEVADA, and DOES 1 to 50,<br><br>    Defendants. | CIV. NO.: 2:16-00897 WBS CKD<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u> |

----oo0oo----

      Plaintiffs Nancy Morin-Teal and J.M. filed this action against defendants Pleasant Ridge School District ("Pleasant Ridge"), Alliance Redwoods Conference Grounds ("Alliance Redwoods"), and the County of Nevada for a violation of the Rehabilitation Act and related state law claims arising out of J.M.'s involvement as a student at Magnolia Intermediate School ("Magnolia"). The matter is now before the court on Alliance

Redwoods' motion to dismiss the First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 29.)

I.   Factual and Procedural Background

J.M. is a disabled minor who attends Magnolia, a subordinate public entity of Pleasant Ridge.  (First Am. Compl. ("FAC") ¶¶ 7, 11 (Docket No. 2).)  Plaintiffs allege defendants had prior knowledge of all of J.M.'s disabilities prior to the events at issue.  (Id. ¶ 16.)

Plaintiffs allege Pleasant Ridge required J.M. to participate in a camp at Alliance Redwoods for school.  (Id. ¶¶ 14-15.)  Alliance Redwoods is a non-profit organization that provides environmental skills.  (Id. ¶ 15.)  Prior to the trip, J.M.'s mother, Morin-Teal, allegedly worked with defendants to create a written care plan for J.M. during the trip.  (Id. ¶ 16.)  Plaintiffs allege J.M.'s physician gave written orders that J.M. could not be exposed to direct sunlight.  (Id. ¶ 18.)

During the trip to Alliance Redwoods, defendants allegedly forced J.M. to stay in direct sunlight for 9.5 hours, despite J.M.'s protests.  (Id. ¶¶ 19-20.)  Plaintiffs allege defendants gave J.M. Tylenol, told her to lie down, and did not provide a nurse as promised.  (Id. ¶¶ 16, 21.)  J.M. allegedly suffered second degree burns, heat exhaustion, heat stroke,

permanent damage to her internal organs, emotional distress, and post-traumatic stress syndrome.  (Id. ¶ 24.)

Plaintiffs initiated this action and on October 11, 2016, the court granted, in part, Pleasant Ridge's motion to dismiss.  (Oct. 11, 2016 Order ("Oct. 11 Order") 10:8-13 (Docket No. 19).)  Plaintiffs filed their FAC on October 31, 2016, alleging: (1) discrimination under Section 504 against Pleasant Ridge; (2) negligent supervision against all defendants; (3) intentional infliction of emotional distress against all defendants; and (4) discrimination under the Americans with Disabilities Act ("ADA") against Alliance Redwoods.  (FAC at 7-11.)  Alliance Redwoods now moves to dismiss plaintiffs' FAC for failure to state a claim upon which relief can be granted.

II. Discussion

On a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Under this standard, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

A.   Intentional Infliction of Emotional Distress

In their third and fourth causes of action, plaintiffs allege defendants intentionally inflicted emotional distress upon J.M. and Morin-Teal. (FAC at 9.) The elements of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Christensen v. Superior Court, 54 Cal. 3d 868, 904 (1991)

4

1   (citations omitted).  Alliance Redwoods argues that plaintiffs
2   improperly refer to defendants generally when alleging both
3   intentional infliction of emotional distress causes of action and
4   plaintiffs do not allege any intentional or reckless conduct by
5   Alliance Redwoods specifically.  (Def.'s Mot. 6:8-13.)
6         A defendant is entitled to know what actions a
7   plaintiff alleges it engaged in that supports the plaintiff's
8   claims.  See Sollberger v. Wachovia Sec., LLC, No. SACV 09-0766
9   AG (ANx), 2010 WL 2674456, *4-5 (C.D. Cal. June 30, 2010) ("One
10  common type of shotgun pleading comes in cases with multiple
11  defendants where the plaintiff uses the omnibus term 'Defendants'
12  throughout a complaint by grouping defendants together without
13  identifying what the particular defendants specifically did
14  wrong.").  Failure to delineate conduct by a specific defendant
15  prevents the court from drawing the reasonable inference that the
16  specific defendant is liable for the claim alleged and justifies
17  dismissal of the claim.  See id. at *5 ("This shotgun pleading
18  style deprives Defendants of knowing exactly what they are
19  accused of doing wrong. . . . [T]his defect alone warrants
20  dismissal."); see also Pryzblyski v. Stumpf, No. CV-10-8073-PCT-
21  GMS, 2011 WL 31194, *4 (D. Ariz. Jan. 5, 2011) ("The Complaint is
22  drafted in such a way as to deprive any remaining Defendant of
23  the knowledge of what claims and factual allegations the
24  Complaint asserts against it."); Turney v. Fifth Third Bank, No.

5

09-2533-JWL, 2010 WL 1744670, at *6 (D. Kan. Apr. 29, 2010) (finding general allegations regarding defendants, without identifying conduct by specific defendants, did not provide defendants with sufficient notice of claims against them).

    Plaintiffs fail to allege any misconduct by Alliance Redwoods specifically in support of their intentional infliction of emotional distress claims.  Plaintiffs' allegations regarding J.M.'s intentional infliction of emotional distress claim, her exposure to sunlight at Alliance Redwoods, and her inability to contact her mother during the trip all refer to "defendants" generally and not Alliance Redwoods.  (See FAC ¶¶ 14-20.) Plaintiffs' allegations regarding Morin-Teal's intentional infliction of emotional distress claim also refer to "defendants" generally.  (See id. ¶¶ 23, 57.)  "By failing to specify the defendant responsible for each act at issue, [Alliance Redwoods] cannot reasonably respond to [plaintiffs'] allegations in a precise manner" and plaintiffs' claim cannot survive. Autobidmaster, LLC v. Alpine Auto Gallery, LLC, No. 3:14-CV-1083-AC, 2015 WL 2381611, at *15 (D. Or. May 19, 2015).

    Plaintiffs fail to allege intentional or reckless conduct by Alliance Redwoods as distinct from Pleasant Ridge. Thus, the FAC does not allow the court to draw the inference that Alliance Redwoods is liable for the alleged misconduct or intentional infliction of emotional distress claims.

1  Accordingly, the court must grant Alliance Redwoods' motion to
2  dismiss plaintiffs' third and fourth causes of action for
3  intentional infliction of emotional distress.
4      B.   Americans with Disabilities Act
5           In their fifth cause of action, plaintiffs allege
6  Alliance Redwoods violated the ADA when it discriminated against
7  J.M. on the basis of her disability.  (FAC at 10.)
8           Congress enacted the ADA "to remedy widespread
9  discrimination against disabled individuals."  PGA Tour, Inc. v.
10 Martin, 532 U.S. 661, 674 (2001).  Title III of the ADA prohibits
11 places of public accommodation from discriminating against
12 disabled individuals by preventing them from "full and equal
13 enjoyment" of the services provided.  42 U.S.C. § 12182(a).  To
14 prevail on a Title III claim, a plaintiff must show that: "(1) he
15 is disabled within the meaning of the ADA; (2) the defendant is a
16 private entity that owns, leases, or operates a place of public
17 accommodation; and (3) the plaintiff was denied public
18 accommodations by the defendant because of his disability."
19 Ariz. ex rel. Goddard v. Harkins Amusement Enters., Inc., 603
20 F.3d 666, 670 (9th Cir. 2010).  Alliance Redwoods' motion to
21 dismiss centers on the third prong--whether plaintiffs allege
22 that Alliance Redwoods discriminated against J.M. on account of
23 her disability.
24           "The third element--whether [a plaintiff is] denied

7

public accommodations on the basis of disability--is met if there was a violation of applicable accessibility standards." Johnson v. Wayside Prop. Inc., 41 F. Supp. 3d 973, 976 (E.D. Cal. 2014) (alteration in original) (quoting Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011)).  "[T]he barrier need only interfere with the plaintiff's 'full and equal enjoyment' of the facility." Moeller, 816 F. Supp. 2d at 849 (quoting 42 U.S.C. § 12182(a)).

Plaintiffs allege that Alliance Redwoods denied J.M. full and equal enjoyment of its facilities because "the staff was untrained and even fearful about having a student in their camp with disabilities.  By failing to ensure that their staff understood J.M.'s disability and the importance of first aid and summoning medical assistance, the Defendants left J.M [sic] without the supports necessary to participate with her peers equally."  (FAC ¶ 63.)  Plaintiffs further allege that the defendants did not provide a reasonable accommodations--"no exposure to direct sunlight"--and that the defendants "knew that J.M. would not be able to meaningfully access the benefits" of Alliance Redwoods absent these accommodations.  (Id. ¶¶ 64-65.)

Plaintiffs' allegations are conclusory and do not mention a single activity or service that Alliance Redwoods excluded J.M. from due to her disability.  J.M.'s allegation that defendants left her "without the supports necessary to

participate with her peers equally" does not depict what specific service or activity J.M. could not fully participate in, as required under the ADA.  (FAC ¶ 63); see 42 U.S.C. § 12182(a).  Plaintiffs do not allege that Alliance Redwoods violated any applicable accessibility standard or that J.M. was, as a result of a policy or practice of Alliance Redwoods, prevented from full and equal enjoyment of Alliance Redwoods' services.  See Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1085 (9th Cir. 2004) (holding that a written policy preventing a movie theater from requiring a patron to move seats discriminated against a disabled wheelchair patron); Johnson, 41 F. Supp. 3d at 976.

Plaintiffs do not allege with sufficient particularity that Alliance Redwoods denied J.M. full and equal enjoyment of its services because of J.M.'s disability.  Accordingly, the court must grant Alliance Redwoods' motion to dismiss J.M.'s fifth cause of action for violation of the ADA.

    C.    Negligent Supervision

In their seventh cause of action, plaintiffs allege Alliance Redwoods is liable for negligent supervision of J.M. (FAC at 11.)  "[I]n order to prevail in a negligence action, plaintiffs must show that defendants owed them a legal duty, that defendants breached that duty, and that the breach proximately caused their injuries."  Wiener v. Southcoast Childcare Ctrs., Inc., 32 Cal. 4th 1138, 1145 (2004).

1          Alliance Redwoods argues that plaintiffs do not allege
2   facts indicating Alliance Redwoods had a duty to supervise J.M.
3   as distinct from the duty owed by Pleasant Ridge.  (Def.'s Mot.
4   9:4-9.)  In the court's October 11 Order, the court denied
5   Pleasant Ridge's motion to dismiss the negligent supervision
6   cause of action because plaintiffs alleged that Pleasant Ridge
7   negligently supervised J.M. in violation of California Government
8   Code section 815.2 and Pleasant Ridge is a public entity subject
9   to that section that also owes a special duty of care to prevent
10  injury to its students, and California law has long imposed a
11  duty on school officials to supervise children.  (Oct. 11, Order
12  4:27-6:1.)  In contrast, plaintiffs' sole allegation regarding
13  Alliance Redwoods' duty to supervise J.M. in the FAC is that
14  "[d]efendants owed a duty to Plaintiffs to exercise reasonable
15  care supervising J.M."  (FAC ¶ 69.)  Such a threadbare recital of
16  Alliance Redwoods' duty to supervise, "supported by mere
17  conclusory statements, do[es] not suffice."  Iqbal, 556 U.S. at
18  678.

19          Plaintiffs do not allege facts with sufficient
20  particularity that indicate Alliance Redwoods had a duty to
21  supervise J.M.  Accordingly, the court must grant Alliance
22  Redwoods' motion to dismiss J.M.'s seventh cause of action for
23  negligent supervision.

24          IT IS THEREFORE ORDERED that Alliance Redwoods' motion

to dismiss plaintiffs' third, fourth, fifth, and seventh causes of action as to Alliance Redwoods be, and the same hereby are, GRANTED.

Plaintiffs have twenty days from the date this Order is signed to file a Second Amended Complaint, if they can do so consistent with this Order.

Dated:   January 10, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE