1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                           ----oo0oo----

11

12   J.M., a minor, by and through      Civ. No. 2:16-897  WBS CKD
     her Guardian ad Litem, Nancy
13   Morin-Teal,

14              Plaintiffs,             AMENDED ORDER APPROVING
                                        MINOR'S COMPROMISE[1]
15        v.

16   PLEASANT RIDGE UNION SCHOOL
     DISTRICT, MAGNOLIA INTERMEDIATE
17   SCHOOL, ALLIANCE REDWOODS
     OUTDOOR RECREATION, COUNTY OF
18   NEVADA, and DOES 1 to 50,

19              Defendants.

20

21                           ----oo0oo----

22        Plaintiffs J.M., a minor, by and through her guardian

23   ad litem, Nancy Morin-Teal, brought this action against

24   defendants Pleasant Ridge Union School District, Alliance

25   _____

26        [1]    This order amends and supersedes the court's prior
     order approving a prior petition seeking approval of minor's
27   compromise, Docket No. 61, and is issued in response to the
     Amended Petition for Approval of Minor's Compromise, Docket No.
28   62.

                                  1

Redwoods Outdoor Recreation, County of Nevada,[2] and Does 1 to 50, alleging defendants violated the Rehabilitation Act and related state law claims arising out of J.M's injuries sustained while attending a school field trip. Presently before the court is Nancy Morin-Teal's amended petition for approval of minor's compromise. (Docket No. 62.)

Under Eastern District of California's Local Rules, the court must approve the settlement of the claims of a minor. E.D. Cal. L.R. 202(b). The party moving for approval of the settlement must provide the court "such . . . information as may be required to enable the Court to determine the fairness of the settlement or compromise." Id. at L.R. 202(b)(2); see also Robidoux v. Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011) (district court has a duty "to safeguard the interests of minor plaintiffs" that requires it to "determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable").

In Robidoux, the Ninth Circuit specifically instructed district courts to "limit the scope of their review to the question whether the net amount distributed to [a] minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Although the Robidoux court expressly limited its holding to a minor's federal claims, Robidoux, 638 F.3d at

---

[2] Plaintiffs voluntarily dismissed defendants County of Nevada on October 10, 2016 (Docket No. 23) and Alliance Redwoods Outdoor Recreation on January 31, 2017 (Docket No. 37). Pleasant Ridge Union School District is the only remaining defendant in this action.

1179 n.2, 1181-82, district courts have also applied this rule in the context of a minor's state law claims.  See, e.g., Frary v. County of Marin, Civ. No. 12-3928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015).

This court is familiar with the allegations in this case, including the undisputed medical attention provided to the minor at Sutter Health, as well as defendant Pleasant Ridge Union School District's denial of liability for all claims asserted against it.  In light of the evidence supporting a finding of no liability, it could not be certain that plaintiffs would recover even the settlement sum of $10,000 if the case were to proceed to trial, although plaintiffs have produced contrary evidence supporting their position.  Additionally, proper notice of the settlement has been given to all parties.

The settlement will result in the payment of $2,500 in attorney's fees to plaintiffs' counsel.  It "has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases involving minors."  See Chance v. Prudential Ins. Co. of Am., Civ. No. 1:15-1889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (compiling cases).  Thus, the portion of the total settlement allocated to attorney's fees, which is 25%, is reasonable under the circumstances.

Based on all of these considerations, the court finds that the settlement is fair and reasonable and in the best interests of the minor child.  See E.D. Cal. L.R. 202(b); see also Robidoux, 638 F.3d at 1179.  Accordingly, the court will approve the settlement of plaintiffs' claims against defendant

Pleasant Ridge Union School District and will grant Nancy Morin-Teal's petition for approval of minor's compromise.

IT IS THEREFORE ORDERED that Nancy Morin-Teal's petition for approval of minor's compromise (Docket No. 58) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that:

1. The gross amount or value of the settlement or judgment in favor of plaintiff J.M. is $10,000.

2. Fees and expenses shall be paid by one or more checks or drafts, drawn payable to the order of plaintiff's guardian ad litem Nancy Teal-Morin and plaintiffs' attorney, if any, or directly to third parties entitled to receive payment identified in this order for the following items of expenses or damages, which are hereby authorized to be paid out of the proceeds of the settlement or judgment:

(a) Reimbursement for costs in the total amount of $1,745.02 payable to Amerio Law Firm, P.C.

(b) Attorney's fees in the total amount of $2,500 payable to Amerio Law Firm, P.C.

(c) Medi-Cal lien in the total amount of $419.94 payable to the Department of Health Care Services.

(d) Payment to J.M. in the total amount of $5,335.04 payable to J.M. and deposited in a FDIC insured bank blocked account.

(e) Plaintiffs' counsel shall deposit Claimants' proceeds into individual FDIC insured account held in the name of the minor at TRI COUNTIES BANK, 3700 DOUGLAS BLVD, ROSEVILLE, CA 95661.

1     (f)  Said accounts shall be blocked, so that no

2   withdrawal of principal or interest can be made prior to said,

3   respective minor's reaching the age of 18, unless a written order

4   is obtained from this Court.  The money on deposit is not subject

5   to escheat.

6     (g)  Upon the minor's attaining the age of 18, her

7   respective account shall be unblocked without further order of

8   this Court.  J.M. is currently 15 years old and will reach age of

9   majority on January 7, 2021.

10     (h)  Plaintiffs' counsel shall provide each

11   minor's bank or credit union with a copy of this Order, and

12   shall, within 30 days, file with the Court a declaration

13   verifying the opening of said blocked accounts.

14
Dated:  September 14, 2018

15

16                    WILLIAM B. SHUBB
                      UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28